HARRIS, J.,
concurring specially:
Concurring specially.
Although I agree with Judge Dauksch’s well reasoned conclusion that the City waived its “first in time” rights under its Utilities Service District ordinance by not agreeing to provide needed services to the residents of the district “promptly and efficiently,” I believe the City’s subsequent annexation of the subject property requires some analysis.
Although the parties agree that the City annexed the property subject to this litigation after adopting its Utility Service District ordinance, neither discusses the effect of annexation.[1] But once the City annexed the property, any subsequent services provided to the area would be to city residents under the City’s inherent power and obligation and not pursuant to an ordinance authorizing service to non-city residents. The question then, it appears to me, is whether a service area franchise located outside a municipality granted by the Public Service Commission can be “amended” by the subsequent annexation of a portion of such service area if such annexation occurs prior to the, private utility company’s obtaining necessary permits and extending its service capacity into or adjacent to the area annexed.
First we should consider section 180.02(1), Florida Statutes (1997), which grants the following power to a municipality in regard to municipal public works:
For the accomplishment of the purposes of this chapter, any municipality may execute its corporate powers within its corporate limits.
Chapter 180 also discusses the situation in which a municipality and a private utility company both claim the right to serve a particular area. Section 180.06, after setting out the activities authorized by municipalities and private companies, provides the following direction:
However, a private company or municipality shall’not construct any system, work, project or utility authorized to be constructed hereunder in the event that a system, work, project or utility of a similar character is being actually operated by a municipality or private company in the municipality or territory immediately adjacent thereto, unless such municipality or private company consents to such construction.
The provisional exclusivity set out above was recognized by this court in JJ’s Mobile Homes when the majority held:
The statutory scheme of Chapter 367, as well as the concept of a public utility, envisions that the right granted by the *992 PSC to a private utility company is exclusive to the extent that such company has the ability to promptly provide service to the public within its franchise area.
579 So.2d at 224 (emphasis added).
In the case at bar, the parties stipulated that the City had the ability to immediately serve the contested area. A dispute remains, however, as to whether Lake Utility has such ability since it has not obtained a consumptive use permit from the Department of Environmental Protection. The record also does not establish what facilities Lake Utility has “immediately adjacent” to the contested area or how long it would take Lake Utility to be in a position to provide services to the public within such area.
Because these issues remain, I agree the summary judgment should be reversed and a determination be made as to Lake Utility’s ability to promptly provide services to the area.

. Perhaps they believe the issue fully answered by our decision in City of Mount Dora v, JJ’s Mobile Homes, 579 So.2d 219 (Fla. 5th DCA 1991).